IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> STEPHANIE ANN WEEKS, INFINITY AUTO INSURANCE COMPANY, FARMERS GROUP, INC., KENNETH S. PURVIS, and WANDA PURVIS, <br><br> Defendants. | Case No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now State Farm Mutual Automobile Insurance Company (hereinafter, "State Farm") and files this Complaint for Declaratory Judgment against Defendants Stephanie Ann Weeks, Infinity Auto Insurance Company, Farmers Group, Inc., Kenneth S. Purvis, and Wanda Purvis pursuant to 28 United States Code Annotated § 2201, *et seq.*, in order to resolve insurance coverage disputes arising out of a collision involving Defendants Weeks and Kenneth Purvis. State Farm would show unto the Court as follows:

### PARTIES

1. State Farm is a foreign automobile insurance company, incorporated in the State of Illinois, which is qualified to and does business in the State of Tennessee. State Farm is currently providing a defense, under a Reservation of Rights, to Defendant Weeks in *Kenneth S. Purvis and Wife, Wanda Purvis v. Stephanie Ann Weeks, and*

*Richard Weis d/b/a J & R Services and an Unnamed Defendant* pending in the Circuit Court for Cumberland County, Tennessee with the case number CV005438 (hereinafter, "Cumberland County Lawsuit").

2. Defendant Stephanie Ann Weeks is an individual and a resident of Cumberland County, Tennessee. As a defendant in the Cumberland County Lawsuit who is receiving a legal defense from State Farm under a reservation of rights, Defendant Weeks is, or may be, claiming an interest in the State Farm insurance policy, which is the subject of this action and she, therefore, is a proper party.

3. Defendant Infinity Auto Insurance Company is a foreign automobile insurance company, incorporated in the State of Ohio, which, upon information and belief, is qualified to and does business in the State of Tennessee. Defendant Infinity Auto Insurance Company, upon information and belief, is the insurance carrier for Defendant Weeks and, thus, may have an interest in this declaratory judgment action and, therefore, is a proper party.

4. Defendant Farmers Group, Inc. is a foreign automobile insurance company, incorporated in the State of Nevada, which, upon information and belief, is qualified to and does business in the State of Tennessee. Defendant Farmers Group, Inc., upon information and belief, is the insurance carrier for Defendant Kenneth Purvis and, thus, may have an interest in this declaratory judgment action and, therefore, is a proper party.

5. Defendant Kenneth S. Purvis is an individual and a resident of Cumberland County, Tennessee. As a plaintiff in the Cumberland County Lawsuit,

2

Defendant Kenneth Purvis may have an interest in this declaratory judgment action and, therefore, is a proper party.

6. Defendant Wanda Purvis is an individual and a resident of Cumberland County, Tennessee. As a plaintiff in the Cumberland County Lawsuit, Defendant Wanda Purvis may have an interest in this declaratory judgment action and, therefore, is a proper party.

## JURISDICTION AND VENUE

7. State Farm asserts that there is complete diversity of the parties in this cause and, therefore, the United States District Court for the Middle District of Tennessee has jurisdiction over this matter and constitutes proper venue pursuant to The Declaratory Judgment Act (28 United States Code Annotated § 2201, *et seq.*) and 28 United States Code Annotated § 1332.

## BASIS FOR DECLARATORY JUDGMENT ACTION

8. State Farm seeks declaration to resolve insurance coverage issues to this action.

9. In sum, this is a declaratory judgment action to define and determine insurance coverage issues stemming from an insurance policy issued by State Farm to J&R Services and to identify the responsible party that must bear the cost to defend, and, potentially, the cost of any settlement or judgment assigned to Defendant Weeks in the Cumberland County Lawsuit, whether insurance company or other.

10. The five factors associated with The Declaratory Judgment Act (28 United States Code Annotated § 2201, *et seq.*) resolve in favor of the United States District Court for the Middle District of Tennessee exercising jurisdiction over this matter.

11. Through declaring and defining the insurance coverage issues and the party responsible for the cost to defend Defendant Weeks, or to pay any judgment rendered against her, this Court would clarify and settle the legal relations at issue between the parties.

12. This declaratory action would serve a useful purpose in clarifying the legal relationships between the parties by defining the insurance coverage issues and identifying the appropriate party to bear such costs.

13. This declaratory judgment action is not being used for "procedural fencing" or "to provide an arena for res judicata" as the determination of the insurance coverage issues and the proper party to bear the costs to defend Defendant Weeks, or to pay any judgment rendered against her, is independent of the resolution of the Cumberland County Lawsuit.

14. This declaratory judgment action would not increase friction between federal and state courts because the determination of insurance coverage issues and the proper party to bear the costs to defend Defendant Weeks, or to pay any judgment rendered against her, is independent of the resolution of the Cumberland County Lawsuit.

15. This declaratory judgment is the best and most effective remedy to resolve the presented dispute.

16. For the above reasons, this Court should hear this matter and issue the appropriate legal declarations.

## ALLEGED FACTS

17. State Farm insures J&R Services pursuant to insurance policy number 1618-270-42. [A: Certified Copy of State Farm Insurance Policy] (which is incorporated herein by this reference as if set forth at length verbatim).

18. At issue is the definition of insured in State Farm's Insurance Policy and the germane portion reads:

*Insured* means…any other *person* for his or her use of:

    a.     *your car*;

    b.     a *newly acquired car*;

    c.     a *temporary substitute car*; or

    d.     a *trailer* while attached to a *car* described in a., b., or c. above.

Such vehicle must be used within the scope of *your* consent.

"You" or "Your" means the named insured or named insureds shown on the Declaration Page. If a named insured shown on the Declaration Page is a person, then "you" or "your" includes the spouse of the first person shown as a named insured if the spouse resides primarily with the named insured. [Exhibit A: Certified copy of State Farm Insurance Policy – DEFINITIONS]

[Exhibit A: Certified Copy of State Farm Insurance Policy].

19. J&R agreed to repair Defendant Weeks' vehicle on September 3, 2010.

20. As part of J&R's business practice, Defendant Weeks was permitted the use of a 2002 Chevrolet Malibu owned by J&R from September 3, 2010 until September 14, 2010, at the latest, while her vehicle was being repaired. [Exhibit B: J&R Services

Automotive Repair, Vehicle Use Authorization Form](which is incorporated herein by this reference as if set forth at length verbatim).

21. In order to be permitted to use the Malibu, Defendant Weeks was required to fill out a Vehicle Use Authorization Form proffered by J&R and present a driver's license. [Exhibit B: J&R Services Automotive Repair, Vehicle Use Authorization Form].

22. Defendant Weeks presented a Tennessee driver's license (number 113256583) and represented the same as being valid on September 3, 2010. [Exhibit B: J&R Services Automotive Repair, Vehicle Use Authorization Form].

23 A copy of the license presented by Defendant Weeks is displayed on the Vehicle Use Authorization Form. [Exhibit B: J&R Services Automotive Repair, Vehicle Use Authorization Form].

24. Within the Vehicle Use Authorization Form, Defendant Weeks represented that she had a valid Tennessee driver's license that was "not suspended, revoked, cancelled, or surrendered." [Exhibit B: J&R Services Automotive Repair, Vehicle Use Authorization Form].

25. Defendant Weeks further represented that "I can provide proof of insurance and a valid driver's license and I have verified that my insurance carrier will cover this loaner vehicle." [Exhibit B: J&R Services Automotive Repair, Vehicle Use Authorization Form].

26. Defendant Weeks further represented that "[t]he vehicle will be driv[en] in a safe and careful manner, abiding by all state laws." [Exhibit B: J&R Services Automotive Repair, Vehicle Use Authorization Form].

27. On or around the 13th day of September, 2010, Defendant Weeks was involved in a collision with Kenneth Purvis.

28. Upon information and belief, Defendant Weeks, as a result of the collision, was charged with the following crimes: (1) failure to wear her seatbelt, (2) driving on a suspended license, (3) simple possession of marijuana, (4) possession of drug paraphernalia, and (5) driving under the influence.

29. Upon information and belief, the charges for failure to wear her seatbelt and driving on a suspended license were dismissed but she pled guilty to charges of simple possession, possession of drug paraphernalia, and reckless driving (pled down from the driving under the influence charge).

30. On September 2, 2011, Kenneth Purvis and his wife, Wanda Purvis, filed suit against Defendant Weeks, Richard Weis d/b/a J&R Services, and an unnamed defendant in Circuit Court for Cumberland County, Tennessee (the Cumberland County Lawsuit). [Exhibit C: Complaint].

31. Based on the Certification as to Status of Operator's License Pursuant to T.C.A. §55-50-204, issued by the State of Tennessee's Department of Safety and Homeland Security, Defendant Weeks's driver's license (number 113256583) was suspended on May 24, 2010 and was not reinstated until October 8, 2010. [Exhibit D: Certification as to Status of Operator's License Pursuant to T.C.A. §55-50-204].

32. Thus, Defendant Weeks' driver's license was still suspended on September 3, 2010 when she represented to J&R that she had a valid driver's license that was "not suspended, revoked, cancelled, or surrendered." [Exhibit B: J&R Services Automotive Repair, Vehicle Use Authorization Form].

33. Further, Defendant Weeks' driver's license was still suspended on September 13, 2010 at the time of the alleged collision. [Exhibit C: Complaint].

34. State Farm has provided a defense to Defendant Weeks under a reservation of rights in the Cumberland County Lawsuit and whether State Farm must continue this defense is the subject matter of this declaratory judgment act.

35. State Farm avers, under the above facts, that it does not have any coverage obligations to Defendant Weeks with respect to the collision at issue in the Cumberland County Lawsuit.

36. State Farm submits that it should not be required to provide further defense to Defendant Weeks and that it should not be required to indemnify Defendant Weeks in the Cumberland County Lawsuit or with respect to any aspect of the aforementioned collision.

## REQUESTS FOR DECLARATORY RELIEF

### COUNT 1—ANY CONSENT GIVEN TO DEFENDANT WEEKS TO OPERATE THE 2002 CHEVROLET MALIBU BY THE POLICYHOLDER WAS VITIATED BY DEFENDANT WEEKS' MISREPRESENTATION THAT SHE WAS A LICENSED TENNESSEE DRIVER

37. State Farm incorporates herein by reference the foregoing paragraphs of this Complaint as if restated herein verbatim.

38. In order for Defendant Weeks to qualify as an "insured" under State Farm's insurance policy, she would have had to be operating the Malibu with the policyholder's consent at the time of the collision at issue in the Cumberland County Lawsuit. [Exhibit A: Certified Copy of State Farm Insurance Policy].

39. J&R, by and through an agent, gave its consent for her to drive the Malibu based on her representation that she had a valid Tennessee driver's license on September 3, 2010.

40. Based on the Certification as to Status of Operator's License Pursuant to T.C.A. §55-50-204, issued by the State of Tennessee's Department of Safety and Homeland Security, it is clear that Defendant Weeks' averment that she had a valid driver's license on September 3, 2010 was, in fact, a misrepresentation. [Exhibit D: Certification as to Status of Operator's License Pursuant to T.C.A. §55-50-204].

41. Without a valid driver's license, it would not have been J&R's business practice to lend the Malibu to her.

42. This representation by Weeks, thus, was of a material fact and any consent given to Defendant Weeks to operate the Malibu was obtained through misrepresentation.

43. J&R's consent, if any, was vitiated by this misrepresentation.

44. Thus, it should be declared by this Court that Defendant Weeks did not have the policyholder's consent to operate the vehicle, is not an insured under State Farm's Insurance Policy, and State Farm does not have to provide Defendant Weeks a defense nor indemnify her in the Cumberland County Lawsuit or in any other suit or claim arising from her use of the Malibu at issue, or for the alleged accident that occurred on or around September 13, 2010 which is the subject of the Cumberland County Lawsuit.

**COUNT 2—DEFENDANT WEEKS WAS OPERATING THE MALIBU OUTSIDE OF THE SCOPE OF CONSENT**

45. State Farm incorporates herein by reference the foregoing paragraphs of this Complaint as if restated herein verbatim.

46. Defendant Weeks represented that "[t]he vehicle will be driv[en] in a safe and careful manner, abiding by all state laws." [Exhibit B: J&R Services Automotive Repair, Vehicle Use Authorization Form].

47. Defendant Weeks exceeded the scope of J&R's consent, which was predicated on the lawful use of the vehicle, each and every time she operated the vehicle, including at the time of the collision, because she did not have a valid driver's license from May 4, 2010 until October 8, 2010 and was, thus, an illegal driver.

48. Further, Defendant Weeks, as a result of the collision, was convicted of simple possession, possession of drug paraphernalia, and reckless driving.

49. Defendant Weeks, by pleading guilty to reckless driving, admits that her operation of the vehicle was unlawful when she covenanted that she would safely and lawfully operate the vehicle.

50. Defendant Weeks' unlawful operation of the vehicle, evidenced by the plea of guilty to reckless driving, exceeded the scope of any consent given by J & R.

51. Thus, it should be declared by this Court that Defendant Weeks did not have the policyholder's consent to operate the vehicle at the time of the collision because she had exceeded the scope of consent, is not an insured under State Farm's Insurance Policy, and State Farm does not have to provide Defendant Weeks a defense nor indemnify her in the Cumberland County Lawsuit or in any other suit or claim arising from her use of the Malibu at issue, or for the alleged accident that occurred on or around September 13, 2010 which is the subject of the Cumberland County Lawsuit.

**PRAYER FOR RELIEF**

WHEREFORE, State Farm prays for the following relief:

1. This Court declare that State Farm, under the afore identified policy, does not have a coverage obligation which would be applicable or available to Defendant Weeks, or to any other Defendant herein, for the collision that is the subject matter of the Cumberland County Lawsuit. State Farm further prays that the Court relieve it of any obligation to furnish and pay for a defense of Defendant Weeks in the Cumberland County Lawsuit or any other action that has arose, or may arise, out of the collision that is the subject of the aforementioned lawsuit and that it has no obligation to indemnify Defendant Weeks for any damages that she may become legally liable to pay as a result of said collision.

2. That the costs of this cause be taxed to the Defendants for which execution may issue.

3. For such other and further relief as to which State Farm may be entitled.

**RESPECTFULLY SUBMITTED,**
**COPE, HUDSON, REED & McCREARY, PLLC**

By: _____
ROGER W. HUDSON, #7014
16 Public Square North
Murfreesboro, Tennessee 37130
(615) 893-5522

*Attorney for State Farm Mutual Automobile Insurance*